Daniel M. BLEZNAK, as trustee and beneficiary of the Alan D. Bleznak 2005 Life Insurance Trust, Plaintiff,

Patricia Royston, as trustee of the Alan D. Bleznak 2005 Life Insurance Trust, Plaintiff–Appellant,

v.

ALSTON & BIRD, LLP, Defendant,

Wells Fargo Bank, N.A., Defendant–Counter Claimant,

Marvin Lundy, successor trustee of the Alan D. Bleznak 2005 Life Insurance Trust, Counter Defendant,

Lancier Group, L.L.C., Defendant–Appellee.

No. 12–1999.

United States Court of Appeals, Second Circuit.

Feb. 7, 2013.

Thomas L. David, Thomas L. David, P.A., Coral Gables, FL, for Appellant.

Peter A. Bicks (Philipp Smaylovsky, Brian D. Ginsberg, Silvia A. Babikian, on the brief), Orrick, Herrington & Sutcliffe LLP, New York, NY, for Appellee.

PRESENT: DENNIS JACOBS, Chief Judge, AMALYA L. KEARSE and SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

Patricia Royston, as trustee of the Alan D. Bleznak 2005 Life Insurance Trust (the "Trust"), appeals from the judgment of the United States District Court for the Southern District of New York (Jones, *J.*), granting summary judgment in favor of Lancier Group, L.L.C. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

After an involved series of insurance transactions, the Trust seeks to recover from Lancier Group the commission paid by the Trust for the sale of certain life insurance policies owned by the Trust. The Trust sued Lancier Group for conversion and restitution, among other things, essentially challenging the validity of the assignment to Lancier Group of contracts entitling it to a commission for the sale of the policies. Because Lancier Group was lawfully entitled to the commission, the district court properly granted Lancier Group summary judgment.

The Trust argues that the agreements entitling Lancier Group to commission were not subject to the UCC and therefore not properly transferred to Lancier Group. However, under ordinary principles of contract law, Lancier Group was validly assigned the rights and obligations under the agreements, regardless of whether the sale was *required* to be conducted in accordance with the procedures of the UCC. In any event, the Trust expressly and implicitly ratified Lancier's assumption of the rights and obligations under the agreements.

For the foregoing reasons, and finding no merit in the Trust's other arguments, we hereby **AFFIRM** the judgment of the district court.